# IN THE COURT OF APPEALS OF IOWA

————————————

No. 25-0472
Filed Date of Filing

————————————

**Miguel Lorenzo Baltazar,**
Applicant–Appellant,
v.
**State of Iowa,**
Respondent–Appellee.

————————————

Appeal from the Iowa District Court for Polk County,
The Honorable David Nelmark, Judge.

————————————

**AFFIRMED**

————————————

John J. Bishop, Cedar Rapids, attorney for appellant.

Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant
Attorney General, attorneys for appellee.

————————————

Considered without oral argument
by Ahlers, P.J., and Buller and Sandy, JJ.
Opinion by Ahlers, P.J.

1

**AHLERS, Presiding Judge.**

The State charged Miguel Lorenzo Baltazar with first-degree murder for shooting at a man five times—hitting him twice and killing him. *State v. Lorenzo Baltazar*, 935 N.W.2d 862, 864–66 (Iowa 2019).[1] A jury found him guilty, and our supreme court affirmed his conviction. *Id.* at 867, 873.

Lorenzo Baltazar then applied for postconviction relief (PCR). The district court denied his application, and Lorenzo Baltazar appeals. He raises one issue. He claims his criminal trial counsel was ineffective for presenting inconsistent defense theories. Specifically, he contends counsel should not have argued that Lorenzo Baltazar acted with justification and shot the victim by accident, as those two theories of defense are inconsistent. He contends trial counsel should have pursued only the accident defense.

Counsel's decision to assert that Lorenzo Baltazar acted with justification and the shooting was an accident stems from Lorenzo Baltazar's testimony at his criminal trial. Lorenzo Baltazar testified that the victim had previously threatened him and assaulted members of his family, so he had a cohort drive him around to look for the victim to confront him. *Id.* at 865. When they found the victim, Lorenzo Baltazar testified that he got out of the vehicle with his handgun at his side. *Id.* at 866. He testified that the victim moved toward him aggressively while reaching for what Lorenzo Baltazar believed was a weapon. *Id.* Lorenzo Baltazar testified that he feared for his life, so he took aim at the ground and fired, intending to scare the victim away but not shoot him. *Id.* This testimony and other evidence led counsel to

---

[1] The supreme court opinion presents a detailed factual summary that we do not repeat here. *See Lorenzo Baltazar*, 935 N.W.2d at 864–66.

assert Lorenzo Baltazar acted with justification and the shooting was an accident.

Both our federal and state constitutions guarantee a criminal defendant the right to effective assistance of counsel. *Trane v. State*, 16 N.W.3d 683, 692 (Iowa 2025). To establish ineffective assistance of counsel, a PCR applicant must prove that (1) trial counsel failed to perform an essential duty and (2) the applicant was prejudiced as a result. *Id.* We review PCR claims asserting that trial counsel provided ineffective assistance de novo. *Id.*

As the district court did, we reject Lorenzo Baltazar's claim that trial counsel was ineffective for arguing a justification defense coupled with an accident defense instead of just arguing that the shooting was an accident. These defense theories are not inconsistent here. Given Lorenzo Baltazar's testimony that he aimed at the ground when firing the gun, it was reasonable strategy for counsel to argue that the shooting was an accident—a point that Lorenzo Baltazar concedes. But counsel also had to address the other evidence. That evidence established that Lorenzo Baltazar went looking for the victim with the purpose of confronting him, got out of his vehicle with a gun, and eventually fired five shots. With this evidence, it was a reasonable strategy decision for counsel to assert justification to try to legally excuse Lorenzo Baltazar's confrontation of the victim in the first place and the need to fire five shots. *See Lamasters v. State*, 821 N.W.2d 856, 866 (Iowa 2012) (noting we do not second guess reasonable tactical decisions made by counsel). Counsel reasonably concluded that he could not explain five shots as an accident—not to mention Lorenzo Baltazar's conduct in tracking down

the victim for the purpose of confronting him—without asserting justification.

Finding no ineffective assistance of counsel, we affirm.

**AFFIRMED.**